**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David W. TAYLOR, Defendant–Appellant.**

No. 02–5874.

United States Court of Appeals, Sixth Circuit.

March 13, 2003.

Before MOORE and CLAY, Circuit Judges; and LAWSON, District Judge.*

### ORDER

David W. Taylor appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Taylor was indicted by a grand jury on three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Without benefit of a written plea agreement, Taylor pleaded guilty to all three counts on February 25, 2002. Counsel filed no objections to the presentence investigation report (PSR), which listed Taylor's total offense level as 24, his criminal history category as IV, and his guideline range of imprisonment as 77 to 96 months. At sentencing, the district court found that the PSR was accurate and sentenced Taylor to 96 months in prison, 3 years of supervised release, $3,571 in restitution, and a special assessment of $300. Judgment was entered July 8, 2002.

Taylor's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether Taylor's plea and sentence were entered in accordance with law, and whether a threat of violence constitutes "intimidation" for purposes of 18 U.S.C. § 2113(a). Taylor has not filed a response, despite being advised of his right to do so.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

Taylor's plea was valid. Rule 11 of the Federal Rules of Criminal Procedure sets forth the proper procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that the plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. Initially, the court asked Taylor about past treatment for mental illness, determined that he was not under the influence of medicine or alcohol, and confirmed with counsel that she believed Taylor to be competent. The court then informed Taylor of the charges and his trial rights. After the clerk read each count in the indictment, the court explained the ele-

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

ments, and Taylor pleaded guilty. Next, the government advised Taylor of the maximum penalties, the court informed Taylor that the guidelines would be applied, and the government gave the factual basis for the crimes. The court concluded by finding that Taylor was competent and that his plea was knowingly, voluntarily, and intelligently made. There was no error in this regard.

Furthermore, sufficient evidence existed to show that Taylor robbed the banks through the use of intimidation, as required by 18 U.S.C. § 2113(a). "Whether intimidation under 18 U.S.C. § 2113(a) exists in a particular case is determined by an objective test: whether an ordinary person in the teller's position could reasonably infer a threat of bodily harm from the defendant's acts." *United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir.2002). Evidence of a weapon or hint of a weapon is not needed to prove intimidation under § 2113(a). *See id.* "Demands for money amount to intimidation because they carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result." *Id.*

█ Taylor made his demands to the teller through written notes. In the first robbery, on January 9, 2002, the note asked for all of the teller's $100, $50, and $20 bills. The note stated that the robber had both a gun and a knife, that the teller should not say anything, and that she had thirty seconds to comply. In the second robbery, on January 11, 2002, the note informed the teller of the holdup, demanded money without a dye pack, and threatened, "I have nothing to lose, you have thirty seconds. I have a gun." In the third robbery, on January 12, 2002, the note again informed of a hold-up, demanded that an assortment of bills be handed over quickly, and threatened, "I have a gun do as I say or I'll blow your head off,

no dye packs." A reasonable person in the teller's position during each of the three robberies would have inferred a threat of bodily harm from the notes.

Taylor was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994). Taylor's sentence falls within none of these categories. Review of the record reveals no error in the computation of Taylor's offense level and criminal history category, and Taylor was sentenced within the resulting guideline range. We note that the assessment of criminal history points for past convictions does not constitute double jeopardy because it enhances punishment for the present crime, not the past crimes. *Witte v. United States*, 515 U.S. 389, 400, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.