**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marvin GOLDBERG,
Defendant–Appellant.**

**No. 88–1029.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 4, 1988.

Decided Dec. 5, 1988.

Office of U.S. Atty., John R. Roth, argued, Detroit, Mich., for U.S.

Philip H. Seymour, argued, Charles Y. Cooper, Arnold J. Shifman, Cooper, Shifman, Gabe, Quinn & Seymour, Royal Oak, Mich., for Marvin Goldberg.

Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DOWD, District Judge *.

DOWD, District Judge.

## I. INTRODUCTION.

The defendant-appellant was initially indicted on April 27, 1987, in a multi-party multi-count indictment charging the defendant with violation of and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 and conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 371. The charges arose out of an alleged scheme, involving numerous individuals and businesses, to defraud Medicaid and certain insurance carriers by requesting reimbursement for unnecessary prescriptions.

On October 15, 1987, Dr. Goldberg entered into a written plea agreement and, pursuant to the agreement, entered a plea of guilty to a single count of misprision of a felony as charged in a second superseding information on December 9, 1987. Fifty-five days later and prior to sentencing,

* Honorable David D. Dowd, Jr., Judge, United States District Court for the Northern District of Ohio, sitting by designation.

Dr. Goldberg filed a motion to withdraw his guilty plea under the Fed.R.Crim.P. 32(d). The district court denied the motion on December 17, 1987 and sentenced Dr. Goldberg to a fifteen month suspended sentence, probation for three years, 600 hours of community service, and a fine of $500.00.

On appeal, Dr. Goldberg contends that his guilty plea was received in violation of Fed.R.Crim.P. 11(f) as an insufficient factual basis for the crime of misprision of a felony was presented to the district court before it accepted the guilty plea. Alternatively, Dr. Goldberg contends that the district court abused its discretion in finding that there was not a fair and just reason to permit him to withdraw his guilty plea.

We turn first to consider whether the district court abused its discretion in refusing to permit Dr. Goldberg to withdraw his guilty plea. If that question is answered in the affirmative, there will be no need to consider the factual basis issue raised with respect to the validity of the plea itself.

## II. THE MOTION TO WITHDRAW THE GUILTY PLEA.

■ After the guilty plea was entered, Dr. Goldberg changed lawyers and new counsel filed the motion to withdraw the plea contending that: (1) he was innocent of the crime to which he pled; (2) the plea was not voluntary as he was pressured into pleading guilty by one of his attorneys; (3) the plea was not knowingly entered because he was not properly informed of the consequences of going to trial; and (4) the plea was not knowingly entered because he was misinformed as to the ramifications of his guilty plea on his medical license and his ability to earn a living as a doctor. In support of the motion, the affidavits of Dr. Goldberg and his brother were offered in support of the claim of being pressured into pleading guilty by the former attorney and of being assured that his doctor's license would not be affected. No factual basis was offered for the claim of innocence.

The government opposed the motion, pointing out that Dr. Goldberg had waited until the completion of the three week trial of a co-defendant which he avoided by his plea of guilty, and argued that Dr. Goldberg should not be allowed to manipulate the court into granting what would amount to a severance after the court's denial of Dr. Goldberg's severance motion on the merits.

The district court did not schedule or conduct a hearing, but denied the motion to withdraw the plea in reliance on the statements made by Dr. Goldberg at the time the plea of guilty was entered on October 15, 1987.

In denying the motion, the district court emphasized the fact that Dr. Goldberg had testified under oath that he was satisfied with the representation provided by his counsel and that he was not under any duress or threat which induced his guilty plea.

The permission to withdraw a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court. *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir.1987); *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir.1987); *United States v. Usher*, 703 F.2d 956, 959 (6th Cir.1983); *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir.1978). The recent decisions of this circuit in *Triplett* and *Spencer, supra,* enumerate a number of factors that the district court may consider in evaluating whether a defendant has established, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, a "fair and just reason" to withdraw his guilty plea. Those factors include: (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential

prejudice to the government if the motion to withdraw is granted.

We find the district court did not abuse its discretion in not allowing Dr. Goldberg to withdraw the guilty plea. While the district court did not specifically refer to the factors set forth in the *Triplett–Spencer* decisions, the district court was obviously aware of the lengthy 55–day delay in filing the motion and the fact that the motion followed a three-week trial of co-defendants that Dr. Goldberg avoided by his earlier plea agreement. Additionally, the district court noted that Dr. Goldberg was a licensed and practicing physician who declared at the time of his guilty plea that he was satisfied with his counsel and was under no duress when he offered his plea and admitted his guilt to the charge.

We observe as this Court did earlier in *Kirkland, supra,* that the Supreme Court has recognized that "the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison,* 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977).[1] Upon our review of the record, we find that the district court did not abuse its discretion in denying Dr. Goldberg's motion to withdraw his guilty plea.

## III. THE FACTUAL BASIS ISSUE.

The superseding information[2] charged Dr. Goldberg with misprision of a felony, to wit, mail fraud in violation of 18 U.S.C. § 4.[3] Rule 11(f) of the Federal Rules of Criminal Procedure requires that the district court not enter a judgment upon a plea of guilty without making inquiry as shall satisfy it that there is a factual basis for the plea.

In *United States v. Stuard,* 566 F.2d 1 (6th Cir.1977) (per curiam), this Court described, in reliance upon *Neal v. United States,* 102 F.2d 643, 646 (8th Cir.1939), the four elements necessary to sustain a conviction for misprision of a felony as: (1) the principal committed and completed the felony alleged; (2) the defendant had knowledge of the fact; (3) the defendant failed to notify the authorities; and (4) the defendant took affirmative steps to conceal the crime of the principal. Mere knowledge of the commission of the felony or failure to report the felony, standing alone, is insufficient to support a conviction for a misprision of a felony. *See, United States v. Ciambrone,* 750 F.2d 1416 (9th Cir.1984); *United States v. Johnson,* 546 F.2d 1225 (5th Cir.1977). The issue that emerges in this case is whether the factual basis appearing in the record is sufficient to establish that Dr. Goldberg engaged in action to

1. In this case, the government and Dr. Goldberg entered into a six-page written plea agreement. In the agreement the government agreed to dismiss all counts of the superseding and the original indictment and further agreed

   that no further criminal prosecution under RICO, Medicaid–Medicare Fraud, Mail Fraud, or the Federal Controlled Substances Act will be instituted by the United States Attorney's office for the Eastern District of Michigan against Dr. Goldberg for his involvement in the unlawful prescribing of prescription controlled substances and/or fraudulent billing activities while associated with the Motor City/Unarex Pharmacy Group, up to the date of the indictment.

   Dr. Goldberg agreed to provide full and complete cooperation to the government including testifying before a federal grand jury and at trial, concerning all illegal activities in the Unarex/Motor City Pharmacy chain of which Dr. Goldberg has knowledge, agreed to surrender his Drug Enforcement Administration (DEA) controlled substance licenses, and to withdraw

   from participation in the Medicare–Medicaid program.

2. The information charged

   In or about June, 1985, defendant Marvin Goldberg, D.O., did unlawfully and willfully, having knowledge of the actual commission of a felony cognizable by a Court of the United States, to wit a violation of 18 U.S.C. 1341, a scheme or artifice to defraud and for obtaining money via United States Postal System, did conceal and did not as soon as possible make known the same to the appropriate authorities.

3. 18 U.S.C. § 4 provides:

   Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

*affirmatively* conceal the crime of mail fraud.

The district court inquired directly of Dr. Goldberg in an attempt to develop a factual basis and the following exchange took place:

Q. I want you to tell me in your own words what you did to cause this charge to be brought against you.

A. Your Honor, I knew that Mel Boyer was at the Puritan Stoepel Pharmacy and I knew Mel Boyer and a pharmacist that was there, I'm not sure which one, at the Puritan Pharmacy were adding things to prescriptions, to my own prescriptions.

Q. Adding what?

A. Face cream prescriptions to my own prescriptions. I knew because at least one patient who showed me that they had medications such as Nutracort was not prescribed by me. It happened often and enough that I knew about it. This happened in 1985 in the City of Detroit. I knew it was against the federal law because I knew Medicaid was paying for it and they paid through the mail. I didn't report it to the federal authorities and I know this was wrong.

Q. Did you conceal this, your knowledge?

A. Yes, sir.

Q. Did you know what you were doing was against the law?

A. Yes, sir.

The district court did not inquire further of the government with respect to the necessary factual basis.

The government argues on appeal that Dr. Goldberg's statement that he concealed his knowledge that the pharmacist was adding items to his statements is sufficient to establish *active concealment* and points, by way of analogy, to *United States v. Davila,* 698 F.2d 715 (5th Cir.1983) as precedential authority for a determination that a factual basis appears on the record in this case. In *Davila,* a divided court affirmed Davila's conviction based upon his plea of guilty to misprision of a felony. The underlying crime was a conspiracy to suborn perjury. Prior to the conspiracy trial, Davila entered his plea of guilty. After the

co-conspirators were acquitted of the conspiracy, Davila attempted unsuccessfully to withdraw his guilty plea. At issue was whether a factual basis appeared in the record. A majority of the court found that Davila's action in agreeing to hold the funds that were to be paid to the allegedly bribed witnesses who were to offer perjurious statements was sufficient to establish the affirmative act of concealment necessary to the commission of the crime of misprision of a felony.

By way of analogy, the government argues that the conduct of Dr. Goldberg in this case in continuing to write prescriptions when he was aware that additional items were being added to the prescription by the pharmacist equates with Davila's action in agreeing to be the stakeholder. We disagree.

In continuing to write the prescriptions, Dr. Goldberg did nothing more than provide the opportunity for the pharmacist to continue with their fraudulent conduct, but Dr. Goldberg did not engage in active concealment from the authorities of the fact that after the prescription was written the pharmacist added to the prescriptions. The statement elicited from Dr. Goldberg is insufficient to establish anything more than Dr. Goldberg's failure to report on-going criminal conduct.

We are limited in our review to the record of the plea proceeding. *United States v. Kamer,* 781 F.2d 1380, 1383 (9th Cir.), *cert. denied,* 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986). We recognize that the district court may determine the existence of the Rule 11(f) factual basis from a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant. However, in this case, the district court made no inquiry of the government, nor was any supplement to Dr. Goldberg's statement with regard to a factual basis offered by the government.

■ In the face of the state of the record, the government argues alternatively that a totality of the circumstances test should be applied to determine whether a

factual basis has been established citing *United States v. Nieuwsma,* 779 F.2d 1359, 1366 (8th Cir.1985). As we understand the government's argument, it is the government's claim that the Court should consider the fact that Dr. Goldberg is an educated physician and that he stated on the record that his lawyer had explained the nature of the charge to his satisfaction and that he understood it. Therefore, by inference, when Dr. Goldberg stated that he had concealed his knowledge in response to the district court's question, a totality of the circumstances test leads to the conclusion that Dr. Goldberg meant that he had "actively" concealed his knowledge, thereby satisfying the critical element in the offense of misprision of a felony, i.e., that Dr. Goldberg took affirmative steps to conceal the crime of the principal.

We decline to apply such a test. Rule 11 of the Fed.R.Crim.P. has been carefully drafted and amended to the end that the guilty plea process be precise to make certain that a defendant pleading guilty understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with the full understanding of the nature of the crime charged and the consequences of his guilty plea and that there is a factual basis for the crime to which the plea is being offered. In our judgment, to permit the district court to infer a factual basis in the absence of a record demonstrating the existence of a factual basis would tend to negate the well-established safeguards inherent in the Rule 11(f) mandate. "[W]hile the exact method of producing a factual basis on the record is subject to a flexible standard of review, the need to have some factual basis will continue to be a rule subject to no exceptions." *United States v. Fountain,* 777 F.2d 351, 357 (7th Cir.1985) (citing *United States v. Darling,* 766 F.2d 1095 (7th Cir.1985); *United States v. Johnson,* 612 F.2d 305 (7th Cir.1980); and *United States v. Wetterlin,* 583 F.2d 346 (7th Cir.1978)), *cert. denied sub nom., Granger v. United States,* 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986).

We find, therefore, that the district court failed to comply with Rule 11(f) and satisfy itself of a factual basis for Dr. Goldberg's guilty plea to misprision of a felony.

In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968), the Supreme Court set aside a guilty plea when the district court failed to adhere to the requirements of Rule 11. The Supreme Court stated:

> Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking.

*McCarthy,* 394 U.S. at 472, 89 S.Ct. at 1174. *McCarthy* came to be viewed as requiring a plea to be set aside as a rule when a violation of Rule 11 occurred. *See, e.g., United States v. Boone,* 543 F.2d 1090 (4th Cir.1976). However, *McCarthy's* holding was limited by the addition of Rule 11(h) in 1983. Rule 11(h) provides "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

■ Here, however, we find that the district court's failure to secure a sufficient factual basis for the plea does not constitute a harmless error. *See, e.g., United States v. Darling,* 766 F.2d 1095 (7th Cir.), *cert. denied,* 474 U.S. 1024, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985).

■ We, therefore, turn to the consideration of the appropriate remedy. As we view the law, there are two possible remedies when a Rule 11 violation occurs. The first alternative is to vacate the plea and remand for repleading. *See, e.g., McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968) (plea vacated

and case remanded for repleading); *United States v. Van Buren*, 804 F.2d 888 (6th Cir.1986) (per curiam) (plea vacated and remanded on the grounds that the district court failed to establish a factual basis and failed to determine whether the defendant understood charge); *United States v. Kamer*, 781 F.2d 1380 (9th Cir.) (plea vacated and remanded as a result of several Rule 11 violations), *cert. denied*, 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986); *United States v. Fountain*, 777 F.2d 351 (7th Cir.1985) (guilty plea vacated and remanded for pleading anew), *cert. denied sub nom., Granger v. United States*, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). The second alternative is to remand the case to permit the government to supplement the record on the issue of "active concealment" in an attempt to satisfy the district court of the existence of a factual basis for Goldberg's plea of guilty. *See, e.g., United States v. Allen*, 804 F.2d 244 (3rd Cir.1986) (remand for sole purpose of permitting district court to determine whether it was satisfied that there existed a factual basis), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987); *United States v. DelSanter*, 433 F.2d 972 (2d Cir.1970) (remanded to permit trial judge to assure himself of a factual basis); *United States v. Antoine*, 434 F.2d 930 (2d Cir.1970) (remand to the district court for a hearing and finding on whether there was a factual basis); *see also, Schworak v. United States*, 419 F.2d 1313 (2d Cir.1970); *United States v. Manley*, 432 F.2d 1241 (2d Cir.1970). We find that the first alternative is appropriate in this case.

In *United States v. Allen*, 804 F.2d 244 (3rd Cir.1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987), the Third Circuit Court of Appeals addressed the same issue as presented here and concluded that the appropriate remedy was to remand the case to the district court for a determination of whether the district court was satisfied that there was a factual basis for the plea. *Allen*, 804 F.2d at 248. The Third Circuit distinguished *McCarthy* from the case before it. In *Allen* it was unclear to the circuit court whether the district court relied on the government's presenta-

tion or the district court's mistaken understanding that the accused admitted an element of the offense as the factual basis. The Third Circuit explained that in *McCarthy* the district court failed to determine whether there was a factual basis and failed to personally inquire of McCarthy whether he understood the charges against him, and the consequences of his plea to the charges. The Third Circuit stated:

In *McCarthy*, the district court failed to expose the defendant's state of mind through personal interrogation.... Consequently, the record did not show that McCarthy voluntarily and knowingly entered a plea of guilty. In contrast, Allen was personally questioned by the district court. The record supports a finding that Allen entered the plea voluntarily and knowingly and that he understood the elements of the [Continuing Criminal Enterprise] offense. The sole defect in the present record involves the district court's state of mind in accepting the plea. Even though the court could have relied on the government's evidence in finding a factual basis for the plea, the record shows the court may have entertained the mistaken belief that Allen admitted to supervising five people.

*Allen*, 804 F.2d at 247–48 (citation omitted).

The Third Circuit concluded:

We believe [the] difference between the *McCarthy* error and the present error justifies a different remedy. In *McCarthy*, the defendant was entitled to have the district court determine whether the guilty plea was voluntary. The district court's failure to protect this right entitled the defendant to plead anew. In contrast, the district court here was required to satisfy itself that a factual basis existed for the plea. This protection can be accorded Allen by remanding the case to allow the district court to make its determination without any need to expand the record.

*Allen*, 804 F.2d at 248.

In *United States v. Cole*, 813 F.2d 43 (3rd Cir.1987), the Third Circuit distinguished *Allen* when it vacated a guilty plea and remanded the case to the district court for repleading. In *Cole*, the circuit court

concluded that the district court failed to make a sufficient inquiry into the defendant's competence to enter a guilty plea. *Cole*, 813 F.2d at 46–47. The court went on to state:

> [i]n *McCarthy*, the record did not show that the defendant voluntarily and knowingly entered a plea of guilty due to the district court's failure to personally interrogate the defendant.... Similarly, the defect in the present record results from the fact that the district court did not explore Cole's state of mind following his admission of recent drug usage. This critical omission precludes a finding that Cole's plea was knowingly and voluntarily entered, and entitles Cole to plead anew or proceed to trial.

*Cole*, 813 F.2d at 48 (citation omitted) (citing *United States v. Allen*, 804 F.2d at 248). In essence, the Third Circuit found that the error in *Cole* was a *McCarthy* error and therefore remand for repleading was justified. *Cole* is similar to *McCarthy* to the extent that the failure under Rule 11 focused on the absence of an indication of the defendant's state of mind. In *Allen*, the focus was on the district court's state of mind.

In sum, the Third Circuit has taken the approach of basing the remedy on the type of error committed. A *McCarthy* type error results in the plea being vacated and the case remanded for repleading. The focus is on the accused's state of mind in the *McCarthy* error analysis. An *Allen* type error results in a remand for the purpose of permitting the court to satisfy itself of a factual basis. The focus is on the court's state of mind in the *Allen* error analysis. We reach a similar conclusion here and find that the error here is that of the type found in *McCarthy*.[4]

An important purpose of the requirement that the district court satisfy itself that there is a factual basis for the plea assures that the guilty plea is both voluntarily and knowingly made.

> Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

*McCarthy*, 394 U.S. at 467, 89 S.Ct. at 1171 (footnote omitted).

In this case, it is unclear from the record before us whether Dr. Goldberg understood the nature of the crime he was pleading guilty to. Specifically, it is unclear whether Dr. Goldberg understood the nature of the concealment element of misprision of a felony. The trial court inquired of the defendant as to whether he understood that in order for the government to prove his guilt, it would have to prove each and every element of the offense beyond a reasonable doubt. However, the trial court failed to explain the elements of the crime to Dr. Goldberg. Instead, the trial court relied upon Dr. Goldberg's counsel's assertion that he reviewed the charge with his client.

> THE COURT: Mr. Zipser, have you gone over the nature of the charge with your client?
>
> MR. ZIPSER: Yes, I did. I must admit I'm not very well versed on that particular statute, but I took it out and read it to my client in detail until I fully understood it and I was sure Dr. Goldberg understood it. And I am confident that he understands the full implication and nature of the statute and I think he is knowingly and understandably ready to make an elocution with regard to that.

Outside of the exchange between counsel and the Court, there is no indication on the

---

4. We recognize the absence of a *McCarthy/Allen* error distinction in other cases which have addressed Rule 11(f) violations and imposed the remedy of vacating the plea and remanding for pleading anew. *See, United States v. Van Buren*, 804 F.2d 888 (6th Cir.1986) (per curiam); *United States v. Kamer*, 781 F.2d 1380 (9th Cir.), *cert. denied*, 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986); *United States v. Fountain*, 777 F.2d 351 (7th Cir.1985), *cert. denied sub nom, Granger v. United States*, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). We believe, however, that such an analysis is required here and that the *McCarthy/Allen* distinction is an appropriate analytical tool.

record that the trial court explained the elements of the crime to the accused. Moreover, the record does not indicate that the complete information was read to the accused.

We find that the trial court's failure to inquire or establish a clear factual basis for the crime of misprision of a felony, and specifically, the element of concealment, reduced Dr. Goldberg's guilty plea to an unknowing plea. When the crime alleged is a complex one, or an uncommon one as in this case, it is incumbent upon the district court to closely examine the relationship between the law and the acts of the defendant. *McCarthy*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. Assuring that there is a sufficient factual basis is intimately related to the question of whether the plea is entered into knowingly. Accordingly, we find that Dr. Goldberg's state of mind was not adequately examined and that his plea was made without a sufficient factual basis and thus without sufficient knowledge of the crime for which he was charged.

### IV. CONCLUSION.

For the reasons that appear above, the guilty plea is vacated and the case is remanded to the district court for pleading anew and further proceedings according to law.