920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lowell L. ABBE, Defendant-Appellant.
 No. 90-3229.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Lowell Abbe (defendant) appeals his conviction and sentence on twenty-two counts involving the making of false loan and credit applications, concealing small business administration assets, conversion of collateral pledged to Farm Credit Agency, and bankruptcy fraud. Defendant raises three issues on appeal: (1) whether the District Court abused its discretion in sentencing defendant; (2) whether the District Court failed to comply with Federal Rule of Criminal Procedure 11 before accepting defendant's plea of nolo contendere; and (3) whether the District Court abused its discretion in refusing to grant defendant's motion to withdraw his plea of nolo contendere. Finding no merit in any of the issues raised on appeal, we AFFIRM.
 
 
 2
 In May 1986, the defendant was indicted on twenty-two counts involving numerous attempts to defraud various financial institutions. After considerable delay due to the defendant's several changes in legal counsel, motions for continuance, and failed negotiations to enter a plea agreement, defendant entered a plea of nolo contendere in January 1989. The District Court found the defendant guilty on all counts.
 
 
 3
 The District Court granted defendant a continuance of sentencing of one year. In February 1990, defendant moved to withdraw his plea. The District Court held a hearing on this issue, and denied defendant's motion. In March 1990, defendant was sentenced to twelve years in prison and was ordered to pay restitution of $413,000.00.
 
 
 4
 The crimes which the defendant was found to have committed took place prior to the Sentencing Guidelines and he was therefore sentenced under pre-guideline sentencing statutes. It is well settled in pre-guideline cases that the district court has considerable discretion. "There are few exceptions to the rule that a sentencing decision by a district judge is unreviewable if it is within the statutory limits." United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982). Defendant does not argue that his sentence was outside the statutory limits. Therefore, he can only prevail if he can show that the District Court sentenced him in either of two improper manners that subject the sentence to review by this Court: "(1) reliance upon erroneous or improper factors or information in sentencing so as to amount to a gross abuse of discretion; [or] (2) failure to evaluate the sentencing information submitted, or total failure to exercise discretion." Id. Defendant has not shown that the District Court violated Barbara. Defendant does not point to any improper factors upon which the District Court relied, nor does he offer any evidence that the District Court failed to evaluate the information provided. He offers only his assertions that prior to the acts for which he was convicted he had been a hardworking, respected man in his community. He also argues that his sentencing, although not bound by the Sentencing Guidelines, should be guided by the factors contained therein. The defendant does not claim that his sentence was not within the statutory limits, and none of his assertions fall into either of the exceptions to non-reviewability established in Barbara.
 
 
 5
 The District Court expressed its reasons for sentencing the defendant as it did, and it used no improper factors in doing so. The record demonstrates that the District Court considered the defendant's failure to accept responsibility for his actions in setting the sentence. Such consideration was not improper. The defendant cannot re-argue his case to this Court. The District Court did not abuse its discretion in sentencing the defendant. The sentence, therefore, is affirmed.
 
 
 6
 The defendant also argues that the District Court failed to comply with Federal Rule of Criminal Procedure 11 and that therefore his plea of nolo contendere was not intelligently made.[1] The defendant's Rule 11 argument, however, is one of form, not of substance. Although the District Court must inform the defendant of the constitutional rights which he is waiving by entering a plea of nolo contendere, the District Court need not use the exact language of Rule 11 to inform the defendant of those rights. "The ultimate question ... is whether [the defendant]'s plea was in fact voluntary and intelligent." Pitts v. United States, 763 F.2d 197, 200 (6th Cir.1985).
 
 
 7
 The defendant claims that the District Court failed to comply with Rule 11 when it did not specifically inform him that he had a right to persist in his plea of not guilty. Although the District Court did not use that exact phrasing, it did inform the defendant that he was entitled to a jury trial on the charges, that he would be presumed innocent at that trial, and that he had a right to testify or refrain from testifying at that trial. The District Court also specifically stated that by pleading nolo contendere the defendant gave up the opportunity for a trial. The District Court addressed the defendant personally, and the defendant stated that he understood what the District Court told him. The District Court made a determination, as required by Rule 11(d), that the defendant was entering his plea intelligently, having been informed of his right to refrain from entering the plea. The District Court, therefore, did not violate Rule 11 in accepting the defendant's plea of nolo contendere.
 
 
 8
 Finally, the defendant argues that the District Court erred in denying his motion to withdraw his plea. The defendant moved to withdraw his plea just before sentencing, over one year after he entered the plea. The defendant argues that his plea was not voluntary because he was under severe emotional stress at the time, due to the civil suits in which he was involved, and because his son had recently been involved in a serious accident. At the withdrawal hearing, Robert Olin Kirkhart, Ph.D., the defendant's psychologist, testified that based on his psychological examination of the defendant, he believed that the defendant was unable to understand the consequences of his behavior at the time he entered the plea of nolo contendere. Dr. Kirkhart, however, did not see the defendant until November 9, 1989, ten months after the defendant entered his plea.
 
 
 9
 In making its decision to deny the defendant's motion to withdraw, the District Court acknowledged Dr. Kirkhart's testimony, but determined that given the discussions at the time that the defendant entered the plea, the District Court had no doubt that the defendant entered the plea knowingly and willingly. The District Court noted that Dr. Kirkhart had not seen the defendant until well after the plea was entered, and had not even reviewed the transcript of the plea proceedings. The District Court, therefore, refused to grant the defendant's motion.
 
 
 10
 The defendant acknowledges that the decision to deny a motion to withdraw a plea is within the discretion of the District Court. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). This Circuit has established several factors which the district court should consider in making a determination on a motion to withdraw, which include the length of time between the plea and the motion to withdraw, and any reason for a delay in the motion. The district court should also consider the circumstances surrounding the plea and any potential prejudice to the government. Id. at 103-04. In Goldberg, this Court upheld the district court's denial of the defendant's motion to withdraw, stating that the district court had noted the defendant's understanding of the plea at the time, as well as the fifty-five day delay in the motion.
 
 
 11
 The District Court below also noted the delay (here over one year), as well as the defendant's understanding of the plea at the time he entered it. Given the passage of time between the plea and the first time Dr. Kirkhart met with the defendant, it was reasonable for the District Court to discount his testimony. The District Court, therefore, did not abuse its discretion in denying the defendant's motion to withdraw his plea.[2]
 
 
 12
 We AFFIRM.
 
 
 
 [1]
 Fed.R.Crim.P. 11 states in pertinent part:
 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 * * *
 (3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and
 (4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; ...
 
 
 [2]
 The defendant claims that where it would be "fair and just" to allow a withdrawal, it is abuse of discretion to deny it. That, however, is not the standard under which the District Court's decision must be examined. Whether the District Court granted or denied the motion, this Court will only reverse if it was an abuse of discretion to do so