**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keenan Lewis WELLS, also known
as Tank, Defendant–Appellant.**

**No. 02–1833.**

United States Court of Appeals,
Sixth Circuit.

June 12, 2003.

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

Keenan Lewis Wells, a federal prisoner, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By superseding information, Wells was charged with the use of a communication facility to facilitate the commission of a controlled substance offense, in violation of 21 U.S.C. § 843(b). Wells pleaded guilty as charged on February 12, 2002, pursuant to a written plea agreement which capped the prison term at 30 months. The probation officer, however, recommended unanticipated enhancements for obstruction of justice and for committing an offense while incarcerated, and thus calculated the guideline range of imprisonment as 57 to 71 months. Upon consideration of Wells's objections at sentencing, the district court declined to impose the enhancement for obstruction of justice, granted a reduction for acceptance of responsibility, and informed Wells that the new range was 37 to 45 months in prison. Wells chose to not withdraw his plea and agreed to amend the plea agreement to cap the prison term at 37 months. Accordingly, on June 12, 2002, the district court sentenced Wells to 37 months in prison, to be served consecutively to his current federal sentence. The judgment was entered on June 27, 2002.

Wells's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. In support of his conclusion, counsel examined the following issues in his brief: 1) whether Wells entered a valid plea; and 2) whether the court properly sentenced Wells. Wells has filed a request for the appointment of substitute counsel.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

First, Wells's plea was valid. Rule 11 of the Federal Rules of Criminal Procedure sets forth the proper procedure to be followed by a district court in accepting a

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that the guilty plea is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. Following the government's summary of the indictment and plea agreement, the court questioned Wells as to his understanding of the agreement, ensured that Wells was pleading guilty voluntarily, and explained the applicable constitutional rights. Wells provided the factual basis for his offense and stated that he was guilty because he had used a prison phone to arrange a delivery of heroin to the prison. The court concluded by accepting the plea. There was no error in this regard.

Second, Wells was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the sentencing guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994).

Wells's sentence was not in violation of law, did not result from an incorrect application of the guidelines, and was within the guideline range of imprisonment. In the plea agreement, the parties estimated that the base offense level would be 14, pursuant to USSG §§ 2D1.6(a) and 2D1.1(c)(13), and that Wells's criminal history category would be VI. These figures were used in the presentence investigation report, and the unanticipated enhancement for committing an offense while incarcerated, *see* USSG § 2D1.1(b)(3), was clearly appropriate. Additionally, the transcript of the sentencing hearing reflects that Wells and his counsel were present and were given the opportunity to present their objections, which the district court sustained. Wells was given the opportunity to withdraw his plea, which he declined. Wells was given the opportunity to allocute, but opted not to speak on his own behalf.

Accordingly, counsel's motion to withdraw is granted, Wells's request for the appointment of substitute counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.