UNITED STATES of America, Plaintiff–Appellee,

v.

Salah AL SHARA, Defendant–Appellant.

No. 03–5842.

United States Court of Appeals, Sixth Circuit.

April 29, 2004.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Patrick J. Bouldin, Asst. F.P. Defender, Western Kentucky Federal Community Defender, Inc., Louisville, KY, Salah Al Shara, Detroit, MI, for Defendant–Appellant.

Before DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

---

* The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

## ORDER

Salah Al Shara, a federal prisoner, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Shara was indicted by a grand jury on one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and three counts of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. Shara pleaded guilty as charged on January 15, 2003, pursuant to a written plea agreement. In the plea agreement, Shara agreed to plead guilty to all counts and to waive his right to appeal his sentence, provided that it was within the estimated guideline range of 0 to 8 months in prison. The presentence investigation report, however, calculated Shara's guideline range as 10 to 16 months in prison. Shara objected, arguing that his offense level should not be enhanced pursuant to USSG § 3B1.1(c) for recruiting a co-defendant. Shara also moved for a downward departure. At sentencing, the district court departed downward to the desired offense level, and sentenced Shara to 3 years of probation (with four months to be spent in home incarceration) and restitution in the amount of $6,278.

Shara's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal as the plea was knowingly and voluntarily made and as Shara was proper-

ly sentenced. Shara was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as he has filed an acceptable *Anders* brief and as no appealable issues exist.

■ First, Shara entered a valid plea. Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. The court explained the charge, the possible penalties, its obligation to apply the Sentencing Guidelines, and Shara's constitutional rights. *See* Fed.R.Crim.P. 11(b)(1). Shara confirmed that he understood the proceedings, did not have any questions, and was voluntarily entering a plea. *See* Fed.R.Crim.P. 11(b)(2). The government then summarized the plea agreement. The court found that Shara was competent, Shara acknowledged the factual basis for the offense, *see* Fed.R.Crim.P. 11(b)(3), and the court concluded by accepting Shara's plea. There was no error in this regard. The validity of the guilty plea means that Shara has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

■ Second, Shara has waived his right to appeal his sentence because his sentence was within the guideline range contemplated by the plea agreement. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir.1995). Nothing in the district court record suggests that Shara's assent to the waiver provision was unknowing or involuntary.

■ Finally, we note that the judgment variously lists the amount of restitution as $6,278 and $6,378. We deem the lower figure to be the correct amount as it was that figure that was mentioned in the presentence investigation report and ordered by the district court at sentencing.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment as amended to reflect restitution in the amount of $6,278. Rule 34(j)(2)(C), Rules of the Sixth Circuit.