**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0881n.06

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 10, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Durell Lloyd Jacobs (No. 12-3786) | ) | NORTHERN DISTRICT OF OHIO |
| and Ulysses G. Lewis, Jr. (No. 12-3787), | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before:    **MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.**

**MERRITT, Circuit Judge.** Defendants Durell Jacobs and Ulysses Lewis appeal their convictions after each pleaded guilty to one count of Aggravated Identity Theft. For the reasons stated below, the appeals are dismissed.

In October 2011, the defendants and Wendall Stoutermire, not a party to these appeals, made a number of fraudulent purchases at Best Buy stores in the Cleveland area. Their modus operandi was to open credit accounts at the stores using stolen identification information. Shortly after Best Buy reported suspicious behavior to local police, the defendants were stopped in a car driven by Lewis. Police searched Lewis and found eight counterfeit driver's licenses in his pocket. Each license had Stoutermire's photo and the identification information of a separate individual. Additionally, a search of Lewis's briefcase revealed papers containing the identification information

of around two dozen other people. Based on this conduct, the grand jury charged each defendant with one count of Access Device Fraud, 18 U.S.C. § 1029(a)(2), and one count of Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1).

The government dropped the former charge, and each defendant pleaded guilty to Aggravated Identity Theft. In signed plea agreements, the defendants acknowledged the factual basis for the charges and waived the right to appeal their convictions except as to claims of prosecutorial misconduct or ineffective assistance of counsel. The district court accepted each plea at a colloquy where it carefully reviewed the waiver of appellate rights. The defendants stated that they understood the waiver, that counsel had discussed the charges with them, that they understood the charges, and that the facts alleged were true. However, at sentencing three months later, each defendant asserted dissatisfaction with counsel and asked to withdraw his plea agreement based on professed innocence of the charges. The district court postponed sentencing and scheduled a hearing on the motions to withdraw the pleas, at which the defendants were represented by new counsel. At their hearings, the defendants continued to profess their innocence and claimed further that they did not understand the charges against them because their original counsel had not been available. The district court denied the defendants' motions for failure to show "a fair and just reason for requesting the withdrawal," Fed. R. Crim. P. 11(d)(2)(B), and sentenced each defendant to a mandatory statutory term of two years.

The defendants raise five issues on appeal: 1) that the district court erred by not permitting them to withdraw their pleas because the court failed to establish a complete factual basis for the charges; 2) that a court cannot impose a sentence for Aggravated Identity Theft if the government

fails to prove a predicate offense; 3) that the government did not establish *mens rea*; 4) that evidence found in the search of Lewis should be suppressed; and 5) that original counsel was ineffective by failing to advise of the charges.

The government has moved to dismiss the appeals as barred by the defendants' appellate waivers. The defendants have not responded to the motion.

The defendants' appellate waivers clearly preclude an appeal on grounds 2, 3, and 4. And under the precedent of this circuit, an appeal from denial of a motion to withdraw a plea is "an attack on the conviction subject to an appeal waiver provision." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012). Therefore, the appellate waivers bar our consideration of the first four issues if the waivers were knowing and voluntary. *Id.* at 378.

The defendants do not challenge the voluntariness of the pleas, and nothing in the record indicates that they were involuntary. The court explained the terms of the appellate waiver in detail, and each defendant expressed comprehension of those terms. The defendants do claim that the pleas were unknowing because the district court failed to establish a complete factual basis. The court ascertained the factual basis for the pleas by having the prosecutor recite the facts stipulated in the plea agreement. The court then asked each defendant whether he admitted the conduct, and each responded "yes." Contrary to the defendants' arguments, this is a valid means of establishing the factual basis for a plea. *See United States v. Tunning*, 69 F.3d 107, 112 (6th Cir. 1995).

Here, the elements of Aggravated Identity Theft are that 1) the defendant knowingly transferred, possessed, or used a means of identification belonging to another person; 2) the defendant knew the means of identification belonged to another person; 3) the defendant knew he

lacked lawful authority to transfer, possess, or use the means of identification; and 4) the defendant transferred, possessed, or used the means of identification during and in relation to the offense of, among others, Access Device Fraud. *See United States v. Lin*, 508 F. App'x 398, 401 (6th Cir. 2012). Additionally, the fourth element requires there to be sufficient evidence that the defendant committed the underlying Access Device Fraud offense, even if that offense is not charged in the indictment. *See United States v. Jenkins-Watts*, 574 F.3d 950, 970 (8th Cir. 2009).

At each plea colloquy, the prosecutor explained that the defendants possessed counterfeit Michigan driver's licenses containing the photo of their partner, Stoutermire, and other individuals' names, addresses, and birthdays. He stated that the defendants knew the victims were real people. He stated that on the day before their arrest the defendants used the licenses to make Best Buy purchases of goods costing $14,751.71, and that the defendants made additional fraudulent purchases of goods costing $21,419.91 in the two months preceding arrest. And as to Lewis alone, the prosecutor stated that police found eight counterfeit licenses in his pocket and additional identification information in his briefcase. The defendants then admitted the conduct.

The facts admitted by the defendants were sufficient to prove Aggravated Identity Theft. The first three elements of the charge are plain from the facts alleged. Moreover, the facts were sufficient to support at least one charge of Access Device Fraud. For instance, under 18 U.S.C. § 1029(a)(1), one may not "knowingly and with intent to defraud produce[], use[], or traffic[] in one or more counterfeit access devices," where "counterfeit access device" is defined to include a fake driver's license. *See* 18 U.S.C. § 1029(e)(2). Defendants' admitted conduct meets this definition. The defendants maintain that they lacked intent to defraud and cite precedent for the proposition that

a court taking a plea may not infer this element even if a rational fact finder could do so. *See Tunning*, 69 F.3d at 113; *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988). However, those cases should not be read to say that intent may never be inferred from conduct. Rather, they establish that each element of a crime—including intent—must have some basis in facts that the defendant acknowledges are true. Here, the admitted facts were that the defendants were caught in a car with fake driver's licenses after using a similar fake license to make thousands of dollars in purchases. Intent to defraud is the only reasonable conclusion. *See United States v. Mobley*, 618 F.3d 539, 550 (6th Cir. 2010) (upholding validity of guilty plea in face of claim that factual basis did not adequately establish defendant's understanding of the elements of Aggravated Identity Theft).

In sum, the defendants' pleas had sufficient factual basis. Because the defendants' appellate waivers are valid, and no persuasive grounds for non-enforcement have been presented, we are precluded from considering their first four claims.

Though the defendants preserved their rights to raise ineffective assistance of counsel, their claims are based on the bare assertion that their attorneys did not fully explain the elements of the offense. Because the record is not adequately developed, we decline to consider these claims on direct appeal. We acknowledge that the portions of the code under which the defendants were charged are complicated and that counsel must carefully explain the elements of these charges. However, counsel's ineffectiveness is not apparent on the current record. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (observing that a motion under 28 U.S.C. § 2255 is generally the preferred mode of raising ineffective assistance of counsel because it allows for

development of facts necessary to determine adequacy of representation). The defendants'

ineffective assistance of counsel claims are therefore denied without prejudice to their right to raise

the claims in § 2255 proceedings.

Accordingly, the appeals are dismissed.