*535 CLAY, Circuit Judge,
concurring in part and dissenting in part.
That Defendant Richard Baumgartner is a liar and a drug abuser is beyond dispute. Defendant’s lies facilitated a narcotics conspiracy principally directed to ensuring that Defendant himself stayed supplied with illegal pain killers. But Defendant is not being charged with conspiracy or aiding and abetting. He is charged with misprision of felony — concealing a federal crime. The government urges, and the majority accepts, that some combination of deceit and criminality can add up to concealment if you look at it from the right angle. This interpretation gives the misprision statute a stunningly broad reach. The government proved that Defendant lied and was tangled up in drugs. But the government did not prove that Defendant concealed the underlying felony — the narcotics conspiracy helmed by Deena Castle-man. I would vacate Defendant’s conviction on all counts, not just count 1, and therefore respectfully dissent in part.
We begin with the bare text of the misprision statute, which reads:
Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.
18 U.S.C. § 4. We have held that this language translates into four elements for the government to prove: “(1) the principal [in this case, Castleman] committed and completed the felony alleged; (2) the defendant had knowledge of the fact; (3) the defendant failed to notify the authorities; and (4) the defendant took affirmative steps to conceal the crime of the principal.” United States v. Goldberg, 862 F.2d 101, 104 (6th Cir.1988). My disagreement with the majority comes at step four — concealment.
The misprision statute does not define the term “conceals,” and the term is not directly modified by other portions of the statute. But we approach language in criminal statutes with certain background presumptions, some of which are particularly relevant here. First, we should pay close attention to the “ordinary meaning” of the statutory language. Johnson v. United States, 559 U.S. 133, 138, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Second, we should show “restraint in assessing the reach of a federal criminal statute, both out of deference to the prerogatives of Congress, and out of concern that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.” Arthur Andersen LLP v. United States, 544 U.S. 696, 703, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005) (quotation marks and citation omitted). In light of these presumptions, I construe the concealment element of the misprision statute somewhat more narrowly than the majority.
Concealment cannot exist in a vacuum. If one conceals a fact — that is, if someone “prevents or hinders the discovery of something,” Black’s Law Dictionary 282 (7th ed.1999), or “prevent[s] disclosure or recognition of’ something, Webster’s Third New Int’l Dictionary 469 (1993) — the fact is concealed from someone. The question this case presents is “from whom?” A reader, considering the fact that Defendant lied to judges and other persons of authority, might well think that the government’s answer to that question is “officials of some form or another.” But the government’s theory of the concealment element is far broader and vaguer. At oral argument on May 9, 2014, this Court *536 and the government engaged in the following colloquy:
Q: By lying to various people about various things, you keep [Castleman] happy, and that conceals the conspiracy?
A: Yes, on these facts---- ■
Oral Arg. Rec. at 27:20. Thus, according to the government, Defendant’s lies did not in and of themselves constitute “concealment.” Rather, the lies were the mechanisms to keep Castleman happy, and it was her happiness that effectuated the concealment. In other words, Defendant accomplished his concealment by appeasing the very person who had committed the underlying felony. The ultimate target of the concealment is presumably some unknown official whom Castleman might have approached (waiving her Fifth Amendment privilege against self-incrimination in the process), had Defendant not kept her out of prison. This is a triple-bank-shot interpretation of concealment.
The majority’s construction of the statute is even broader than the government’s. To show the stunning reach of the majority’s interpretation, we need only continue the tale of the lying marijuana grower described in the majority opinion. Maj. Op. at 527-28. Suppose that one of the visitors to the farm is the farmer’s brother-in-law, Bill. The farmer feeds the horse-mi nt line to Bill, but Bill knows marijuana when he sees it, and can deduce from the size of the farmer’s plot that the end product is not meant purely for personal use. When Bill returns home, his wife asks him how the farmer’s garden is growing. Bill, not wanting to get into an extended discussion with his wife about her brother’s marijuana, tells her that the farmer seems to have a successful horsemint crop. According to the majority’s logic, unless Bill quickly finds a federal prosecutor or judge and reveals the farmer’s crime, Bill himself is guilty of misprision of felony.[1]
Thus does misprision extend the U.S. criminal code into everyday conversations between a husband and wife who have committed no crime apart from speech about others’ misdeeds. Cf. Arthur Andersen, 544 U.S. at 704, 125 S.Ct. 2129 (construing the witness tampering statute away from possibly criminalizing “a wife who persuades her husband not to disclose marital confidences”); United States v. Worcester, 190 F.Supp. 548, 566 (D.Mass. 1961) (Wyzanski, J.) (“To suppose that Congress reached every failure to disclose a known federal crime, in this day of myriad federal tax statutes and regulatory laws, would impose a vast and unmeasurable obligation. It would do violence to the unspoken principle of the criminal law that as far as possible privacy should be respected.” (quotation marks omitted)). I fail to see how this construction would not “encourage arbitrary and discriminatory enforcement” of the misprision statute, and thus run afoul of the vagueness doctrine. Skilling v. United States, 561 U.S. 358, 402-03, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010) (quotation marks omitted).
We can easily construe the misprision statute so as to avoid these pitfalls-and we should. See id. at 405-06, 130 S.Ct. 2896; cf. Bond v. United States, — U.S.-, *537 134 S.Ct. 2077, 2091, 189 L.Ed.2d 1 (2014) (construing statute to avoid “ ‘a substantial extension of federal police resources’”). At its heart, misprision is designed to discourage interference with the investigation and prosecution of federal crimes-the federal courts have never given the statute the breadth of its common law predecessor, which presupposed an affirmative duty to disclose treason or criminality. See Branzburg v. Hayes, 408 U.S. 665, 696-97 & n. 36, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). Some nexus should therefore be required to exist between the concealment of the principal’s crime and an investigation or proceeding (whether state or federal) related to that criminal conduct. That nexus could be established in a number of ways. The defendant might know about an investigation, or reasonably should know about an investigation. Or the government could go the opposite route, and show that but for the defendant’s concealment, an investigation or proceeding would have commenced. Either way, there is nothing in the record of this case to suggest that Castleman’s drug conspiracy was or would have been the target of any investigation, regardless of Defendant’s lies.
The construction I propose is not novel, nor would it upset the jurisprudence of misprision. Instead, it is this case that presents a dramatic extension of the statute to fit circumstances where the government cannot find another federal crime to charge. Consider the contrast between this case and one it resembles, United States v. Daddano, 432 F.2d 1119 (7th Cir.1970). Daddano centered on a bank robbery and subsequent cover-up. The robbery took place in September 1963, and in the following two weeks, some but not all of the perpetrators were arrested and indicted. See id. at 1121-22. This selective prosecution made the robbers think there was a rat among them. See id. at 1122. William Daddano thought it a good idea to hook the crooks up to lie detectors and ask them who was informing. See id. at 1122. The liars would be shot. See id. The polygraphs were administered, but all came back negative. See id. Daddano, however, was later tried and convicted of misprision of felony. The Seventh Circuit held that there was sufficient evidence of concealment: “the giving of the lie detector test was an affirmative act.... At trial there was evidence which tended to prove that defendants intended that anyone found to have furnished information to the authorities would be silenced, and that the entire procedure and accompanying threats ... were intended to emphasize to all participants the desirability of withholding information from the authorities.” Id. at 1124. Like in the ease now before us, Daddano involved concealment where the immediate targets were the people who committed the underlying felony. But unlike in our case, Daddano clearly involved an ongoing investigation and prosecution of the principals’ crime. That key difference shows just how far outside the scope of the misprision statute the present ease falls.
Again, the majority’s interpretation of the concealment element gives the misprision statute a stunningly broad scope. I have . no doubt that this version of the statute would leave huge numbers of our fellow citizens vulnerable to criminal indictment, but for the unchecked discretion of federal prosecutors. I respectfully dissent.

. The majority’s hypothetical takes another wrong turn when it suggests that if a marijuana grower erects a fence to keep away prying eyes, that act makes the grower guilty of misprision. In order to be guilty of misprision, a defendant must both conceal a felony and also fail to notify federal authorities of that crime. See Goldberg, 862 F.2d at 104. The misprision statute "would be unconstitutional under the Fifth Amendment if, and to the extent, it required a defendant to report her own criminal conduct to the authorities.” United States v. Brizan, 709 F.3d 864, 866 (9th Cir.2013); see also United States v. Kuh, 541 F.2d 672, 676-77 (7th Cir.1976).