**NOT RECOMMENDED FOR PUBLICATION**
File Name: 17a0658n.06

**No. 16-4715**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LISTON WATSON, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**
Nov 28, 2017
DEBORAH S. HUNT, Clerk

BEFORE: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Liston Watson pleaded guilty to two bank-robbery charges under 18 U.S.C. §§ 2113(a) and (d), and to two firearm charges under 18 U.S.C. § 924(c). He now challenges his convictions, arguing the district court erred by (1) denying his plea-withdrawal motions and (2) not letting him withdraw his plea after it breached his plea agreement. We affirm.

I.

Watson faced five bank-robbery charges and five firearm charges. He agreed to plead guilty to two counts of each crime, the government agreed to drop the other charges, and both parties agreed to a 360-month prison sentence.

Watson entered his guilty plea on April 25, 2016. Two months later, despite being represented by counsel, he filed a pro se motion to withdraw it. And two weeks after that, he

filed a pro se motion seeking a new lawyer. The district court granted Watson's new-counsel motion but denied without prejudice his plea-withdrawal motion, emphasizing that Watson could renew it once his new lawyer took over.

With new counsel, Watson renewed his plea-withdrawal motion. The government opposed it. And the district court denied it in a written order.

The district court then sentenced Watson to 360 months' incarceration for the firearm charges, and an additional day of incarceration for the bank-robbery charges. Defense counsel neither objected to the extra day nor asked to withdraw Watson's plea.

Watson timely appealed.

## II.

Watson first argues the district court erred when it denied his plea-withdrawal motions. We review for an abuse of discretion. *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). If a defendant moves to withdraw his plea after the district court accepts it, but before he is sentenced, he must provide a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). When determining whether a defendant has met his burden, courts consider:

1. The time between the plea and the motion to withdraw it;
2. The reason for not moving to withdraw earlier;
3. The defendant's assertion of innocence, or lack thereof;
4. The circumstances underlying entry of the guilty plea;
5. The defendant's nature and background;
6. The defendant's prior experience with the criminal justice system; and
7. The potential prejudice to the government if the motion is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

As a preliminary matter, Watson presents two arguments for the first time on appeal. He argues that during an in-chambers conference, the government waived objection to his plea

withdrawal. And he argues that the misstatement in his plea agreement of the robbery charges' statutory maximum sentence caused his delay in moving to withdraw his plea. We will not consider these new arguments. We review "the case presented to the district court," not "a better case fashioned after a district court's unfavorable order." *Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 925 (6th Cir. 2013).

Moving to what we will consider, Watson has not shown an abuse of discretion because he has presented a perfunctory argument that suffers from two major flaws. First, Watson outlines and argues within the wrong recitation of the applicable multi-factor test. He uses the recitation from *United States v. Goldberg*, 862 F.2d 101 (6th Cir. 1988), but the correct recitation comes from *Bashara*, 27 F.3d at 1181. Second, Watson provides no legal support for his position. He cites cases concerning only ineffective assistance of counsel: an argument he has not raised on its own and one "[w]e generally do not address . . . on direct appeal." *United States v. Southers*, 866 F.3d 364, 371 (6th Cir. 2017).

These flaws render Watson's argument underdeveloped. He has not identified the correct factors the district court needed to consider when analyzing his motions. He has not explained why those factors weighed in his favor. And he has not explained why the district court abused its discretion by concluding otherwise. Thus, we consider Watson's argument abandoned. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014).

Even had Watson presented a legally-supported argument under the *Bashara* framework, he could not prevail. To begin, he fails to distinguish between the denials of his two motions. Watson never explains how the denial of his first motion was an abuse of discretion even though he renewed it with the added benefit of having counsel prepare it. We find no abuse of discretion in this ruling.

And the district court denied Watson's renewed motion after finding that the *Bashara* factors weighed against him. We find no abuse of discretion in this ruling, either. As to the first and second factors, the district court treated Watson's renewed motion as filed when he filed his pro se motion. The court then noted that two months elapsed between Watson's plea and his motion and that Watson argued his change in counsel caused the delay; it concluded that Watson waited too long to withdraw his plea. Without justification, a two-month delay is too long. *See*, *e.g.*, *Goldberg*, 862 F.2d at 104; *Spencer*, 836 F.2d at 239. And Watson's change in counsel cannot justify his delay because he asked for new counsel *after* the delay.

As to the third factor, the district court found that Watson never maintained his innocence, but instead simply sought to file pretrial motions. Without an assertion of innocence, the third factor weighs against permitting withdrawal. *United States v. Giorgio*, 802 F.3d 845, 848 (6th Cir. 2015). For the fourth factor, the district court concluded that Watson was competent and aware of the decision he was making when he entered his plea. Watson confirmed that his plea was voluntary, that he understood the charges, and that he was satisfied with counsel's representation. When a defendant enters his plea knowingly and voluntarily, the fourth factor weighs against permitting withdrawal. *United States v. Hockenberry*, 730 F.3d 645, 662 (6th Cir. 2013).

Considering the fifth and sixth factors together, the district court found that Watson's education (he had an associate's degree in applied science) and familiarity with the criminal justice system (he entered into a plea agreement in a prior case) suggested he understood the nature of his guilty plea when he entered it. When a defendant has a college education and previous experience with the criminal justice system, the fifth and sixth factors weigh against permitting withdrawal. *United States v. Catchings*, 708 F.3d 710, 719 (6th Cir. 2013). Finally,

although the district court considered the seventh factor, it did not need to because it found that the first six factors weighed against permitting withdrawal. *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011). In short, the district court acted within its discretion by denying Watson's renewed plea-withdrawal motion.

## III.

Watson also argues the district court erred by not letting him withdraw his plea after it breached his plea agreement. He never objected on this ground, so we review for plain error. *Puckett v. United States*, 556 U.S. 129, 135–36, 143 (2009). Therefore, we look for "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alteration in original) (internal quotation marks omitted). If we find all three, we may in our discretion correct a forfeited error, "but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks omitted).

Although the government concedes the first three plain-error elements, Watson has not shown plain error because he has again presented a perfunctory argument. He mentions "plain error" in a heading, but never outlines its four elements and never argues they are met. Instead, Watson simply describes what happened at sentencing: "the parties agreed upon a flat 360-month sentence"; "[t]he district court breached this agreement in sentencing this defendant to 360-months incarceration '*and one day*'"; and "defendant was not permitted to withdraw the guilty plea." "A party may not raise an issue on appeal by mention[ing it] . . . in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016) (alterations in original) (internal quotation marks omitted). We consider Watson's argument abandoned. *See Vander Boegh*, 772 F.3d at 1063.

IV.

For these reasons, we affirm the district court's judgment.