**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Lawrence ROBERTS,
Defendant–Appellant.**

**No. 02–6130.**

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2003.

Before: DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.*

### ORDER

Michael Lawrence Roberts appeals his conviction and sentence entered upon his plea of guilty to kidnapping a minor and transporting the child in interstate commerce in violation of 18 U.S.C. § 1201(a)(1). The district court sentenced Roberts to 324 months of imprisonment and five years of supervised release to be served consecutively to a separate state sentence imposed on Roberts for his attempt to abduct a 12–year–old girl. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On appeal, Roberts's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Roberts may wish to argue that trial counsel rendered ineffective assistance. Roberts has not responded to counsel's motion to withdraw.

The motion to withdraw as counsel shall be granted as it reflects that counsel has reviewed the entire record and proceedings. An independent examination of the record reveals no issue that would support an appeal in this case. *See id.*

■ Roberts pleaded guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record must reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reveals that Roberts entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Roberts knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). At the plea hearing, the district court very carefully reviewed with Roberts the rights he was waiving, his complete satisfaction with defense counsel's representation, and the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the counts of the indictment to which Roberts was pleading guilty, and Roberts acknowledged his guilt by admitting under oath that he kidnapped a 17–year–old girl, drove her across state lines, and raped her. Thus, the court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Roberts knowingly and voluntarily pleaded guilty.

The district court properly sentenced Roberts in accordance with Roberts's petition to enter a guilty plea, and Roberts did not object to the presentence investigation report that called for a sentencing range of 262–327 months of imprisonment. The presentence report was consistent with Roberts's petition to enter a guilty plea in this regard. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). Review of the sentencing calculation reveals no plain error.

■ Lastly, to the extent that Roberts might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz,* 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser,* 241 F.3d 460, 474 (6th Cir.2001). Any ineffective assistance claim that Roberts might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995).

We have reviewed the record and find no error warranting reversal of Roberts's conviction or sentence. Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.