UNITED STATES of America,
Plaintiff–Appellee,

v.

Orlando Ray KIRKSEY, Defendant–Appellant.

No. 95–4020.

United States Court of Appeals,
Sixth Circuit.

Argued April 29, 1997.

Decided July 9, 1997.

J. Matthew Cain, Asst. U.S. Atty. (argued and briefed), Cleveland, Ohio, for Plaintiff–Appellee.

Norman L. Sirak (argued and briefed), Canton, Ohio, for Defendant–Appellant.

Before: BROWN, KENNEDY, and BOGGS, Circuit Judges.

## OPINION

BAILEY BROWN, Circuit Judge.

Defendant, Orlando Ray Kirksey, appeals the judgment of conviction entered on a guilty plea to conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841. For the reasons that follow, we **AFFIRM** the judgment of the District Court.

### I. FACTS AND BACKGROUND

On February 1, 1995, a postal inspector on assignment at the Cleveland Air Mail Center at the Cleveland, Ohio Airport, suspected that a package sent from Gardena, California, to Alliance, Ohio, contained illegal drugs. To confirm his suspicions, the inspector ordered that the package be searched by a drug detection canine. The canine affirmatively "alerted" that the package contained narcotics. Postal inspectors sought and executed a search warrant of the package. An inspection of the package revealed one kilogram of cocaine hidden inside a stereo. After a controlled delivery to the addressee, the individual who signed for the package was arrested. She, however, told postal inspectors that she was accepting the package on behalf of her cousin, Orlando Kirksey. The addressee, while under surveillance, then contacted Orlando Kirksey and delivered the package to him in exchange for $340.00. Law enforcement authorities arrested Kirksey, and a grand jury returned a two-count indictment against him for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and attempting to possess cocaine in violation of 21 U.S.C. § 846.

Kirksey moved to suppress the physical evidence obtained from executing the search warrant, arguing that seizing the package at the air mail facility violated his right to be free of unreasonable searches and seizures and that the search warrant was not supported by probable cause. The district court denied Kirksey's motion to suppress. Shortly after trial commenced, Kirksey entered into a Rule 11 Plea Agreement. Pursuant to the plea agreement, the government agreed, *inter alia,* to dismiss count two of the indictment in exchange for the defendant's plea of guilty as to count one. As a result, the government reduced its initial recommendation of a prison term of 120 months to seventy-one months. In addition, Kirksey agreed to waive his right to raise and appeal "any writs of habeas corpus concerning any matters pertaining to the prosecution including all motions, defenses, probable cause determinations, and objections to the Court's entry of judgment." As directed by Rule 11 of the Federal Rules of Criminal Procedure, the District Court held a hearing at which it reviewed the charges and plea agreement with the defendant and his counsel. According to defendant's counsel, he and the defendant discussed the provisions of the plea agreement "line by line," including the "constitutional rights which he would be waiving by entering this agreement." During the hearing, the District Court also informed the defendant that the agreement required him to give up his right to appeal "any post conviction writs of habeas corpus concerning any matter pertaining to the prosecution, including all motions, defenses, probable cause determination and objections to the court's entry of judgment. . . ." When asked in open court whether he understood that he was relinquishing his right to appeal, the defendant responded in the affirmative. The District Court then accepted the defendant's guilty plea upon a finding that defendant was competent and that his plea was knowing, voluntary, and supported by an independent basis in fact. The court entered a judgment of guilty on count one and sentenced the defendant to serve a prison term of seventy-one months, followed by five years of supervised release.

### II. ANALYSIS

On appeal, Kirksey argues that the district court erred when it denied his motion to

suppress drugs found within the seized package because no probable cause existed for the search. We conclude that Kirksey cannot challenge the denial of his motion to suppress. Our review of the merits of this issue is precluded by Rule 11(a)(2) of the Federal Rules of Criminal Procedure. Under this rule, a defendant may, with approval of the court and consent of the government, enter a conditional guilty plea while "reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion." FED. R. CRIM. P. 11(a)(2). Kirksey, however, did not enter a conditional plea but, instead, entered an unconditional plea whereby he expressly waived his right to "appeal ... any matter pertaining to the prosecution including all motions, defenses, probable cause determinations...." In open court, Kirksey assured the court that he was voluntarily and knowingly entering his plea and, accordingly, he was forfeiting "any rights to appeal beyond what's here." As the Supreme Court has stated:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea....

*Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). We conclude that the defendant waived his right to appeal the denial of his motion to suppress. *See United States v. Pickett,* 941 F.2d 411, 416 (6th Cir.1991) (Defendant's failure to enter conditional guilty plea prevented him from raising on appeal Speedy Trial Act and due process challenges to his conviction.). Because the defendant failed to preserve his claim for appellate review, we do not reach the merits of his assignment of error.

## III. CONCLUSION

For the aforementioned reasons, we **AFFIRM** the judgment of the district court.