**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo ANES, Jr., Defendant–
Appellant.**

**No. 00–3547.**

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District

of Kentucky, sitting by designation.

Ricardo Anes, Jr., pleaded guilty to possessing cocaine for intended distribution and conspiring to distribute and to possess cocaine for intended distribution, violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. On April 12, 2000, Anes was sentenced to ninety-two months of imprisonment and five years of supervised release. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The attorney who represented Anes in the district court has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Anes may wish to argue: 1) that the district court lacked jurisdiction; and 2) that he was denied his right to a speedy trial. Anes has not filed a timely response to counsel's motion, even though he was advised that he had the right to do so.

The arguments that counsel now suggests were raised by Anes himself at sentencing. He first argued that the district court lacked jurisdiction because he had been charged with a similar offense in state court. However, the district court properly found that it had jurisdiction, as Anes was charged with committing offenses against the laws of the United States. *See* 18 U.S.C. § 3231. Anes also raised a general argument regarding his right to a speedy trial. However, he forfeited any speedy-trial claim that he might have had by entering his guilty plea. *See*

18 U.S.C. § 3162(a)(2); *United States v. Kirksey,* 118 F.3d 1113, 1115 (6th Cir. 1997).

The rearraignment transcript indicates that Anes's guilty plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. The court determined that Anes was competent, and that he understood his rights, the nature of the charges, and the consequences of his plea. Anes indicated that his guilty plea was voluntary, and he acknowledged a sufficient factual basis for his plea. In this regard, we note that it was stipulated that Anes had conspired to possess at least 500 grams of cocaine. Anes was represented by counsel, and he has not moved to withdraw his plea. Under these circumstances, we conclude that his conviction was valid.

Anes signed a plea agreement which included a waiver of almost all of the arguments that might be raised regarding his sentence on appeal. *See United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995). We note, nonetheless, that the probation officer's testimony supported the district court's finding that Anes was not entitled to a reduction in his offense level for acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.1(a)). The court also properly enhanced his criminal history score by two points, because Anes did not show that he had withdrawn from the conspiracy before being placed on probation. *See* USSG § 4A1.1(d). Anes did not raise any other significant legal arguments at sentencing. Therefore, he has forfeited any claims that he might have regarding his sentence in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the present record.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.