**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricky Darnell BROWN, Defendant–Appellant.**

No. 00–5862.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

*ORDER*

Ricky Darnell Brown, proceeding through counsel, appeals his conviction and sentence on one count of conspiring to distribute cocaine base (crack) in violation of 21 U.S.C. § 846 and two counts of dis-

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

tributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following Brown's indictment on the above offenses, defense counsel moved to suppress Brown's confession to law enforcement officials. A magistrate judge conducted a suppression hearing and recommended denying the motion on the basis that Brown had knowingly and voluntarily made a statement after being fully advised of his right to remain silent. Neither party filed objections to the magistrate judge's report, and the district court subsequently denied Brown's motion to suppress. Shortly thereafter, Brown pleaded guilty to the charged offenses without benefit of a written plea agreement. The district court accepted the plea and sentenced Brown to a total of 121 months in prison, 5 years of supervised release, and a special assessment of $300.

In his timely appeal, Brown argues that: 1) the district court erred by denying his motion to suppress; 2) the enhanced penalty provision in 21 U.S.C. § 841 for cocaine base offenses should be overturned as violative of due process; and 3) the district court erred by not requiring the government to prove that the illegal substance was crack cocaine rather than powder cocaine.

■ The first issue is not reviewable. As Brown did not enter a conditional plea reserving the right to appeal specified issues, he has forfeited this issue on appeal. *See United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir.2000). A guilty plea represents a break in the chain of events which preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he

may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). This includes claims challenging the denial of a motion to suppress. *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir.1997).

■ Brown forfeited the second issue by not objecting at sentencing and thus the sentence is reviewable only for plain error. *See United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir.1996). We conclude that no error occurred. This court repeatedly has upheld the constitutionality of the sentencing disparity between powder cocaine and crack cocaine and has rejected the specific arguments raised by Brown. *See United States v. Washington*, 127 F.3d 510, 516–18 (6th Cir.1997). One panel of this court cannot overturn a decision of another panel; only the court sitting en banc may do so. *Id.; United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir.1996).

■ Brown forfeited the third issue by pleading guilty. *See Bahhur*, 200 F.3d at 923. The factual basis for the plea explicitly stated that Brown sold "crack cocaine" to a confidential informant on two occasions and that Brown had been involved in a conspiracy to distribute "crack cocaine" with his father. Moreover, count one of the indictment describes the substance as "cocaine base (crack)." Alternatively, we conclude that Brown forfeited this issue by failing to object at sentencing and has not shown plain error. *See Barajas-Nunez*, 91 F.3d at 830. According to the presentence investigation report, the Tennessee Bureau of Investigation Laboratory tested the substances and determined that they were crack cocaine. Brown has failed to provide any evidence to the contrary. Ad-

ditionally, this court has held that the government is not required to prove that sodium bicarbonate was used to make the crack cocaine at issue and has noted that this particular method may result in the lowest purity level of all methods. *United States v. Jones,* 159 F.3d 969, 981–82 & n. 12 (6th Cir.1998).

Accordingly, the district court's judgment is affirmed.