**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven GLADNEY, Defendant–
Appellant.**

**No. 01–1412.**

United States Court of Appeals,
Sixth Circuit.

March 21, 2002.

Before SILER and GILMAN, Circuit

Judges; HEYBURN, District Judge.*

## ORDER

Steven Gladney, proceeding through counsel, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gladney was indicted by a grand jury on one count of conspiracy to possess with intent to distribute and distributing heroin in violation of 21 U.S.C. §§ 841 and 846. After the district court denied his motion to suppress evidence, he pleaded guilty in open court on November 9, 2000. His plea was pursuant to a written plea agreement in which he waived his right to appeal in exchange for a sentence of no more than 160 months in prison. The probation officer prepared a presentence investigation report (PSR) and calculated Gladney's Sentencing Guidelines range of imprisonment as 140 to 175 months in prison. Neither party filed objections to the PSR, but the government did move for a downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) based on Gladney's substantial assistance. The district court granted the motion, sentenced Gladney below the guideline range to 90 months in prison, and denied counsel's request for an additional departure.

Gladney's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious

grounds for appeal, but nonetheless raised several issues: 1) whether the Speedy Trial Act was violated; 2) whether the district court erred by denying the motion to suppress; 3) whether Gladney's plea was valid; and 4) whether Gladney was properly sentenced. Gladney was advised of his right to file a response, but none has been received.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief. We decline to review counsel's first two proposed issues as Gladney's plea was voluntarily entered and he has waived his right to appeal.

A guilty plea is valid if it is entered knowingly and voluntarily as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). An examination of Gladney's signed acknowledgment of his constitutional rights, his plea agreement, and the plea hearing transcript establishes that this standard is met in Gladney's case. Having entered a valid plea, Gladney has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

As noted above, Gladney's plea agreement contained an express waiver of his right to bring a direct appeal. An appeal waiver provision in a plea agreement is binding as long as it was knowingly and voluntarily made. *Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir. 1998); *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996). Nothing in the

---

*The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

record suggests that Gladney's assent to this provision was unknowing or involuntary. Hence, the agreement of the parties regarding this provision will not be disturbed. *See United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001). Thus, Gladney is precluded from raising claims concerning the denial of a motion to suppress and the alleged Speedy Trial Act violations. *See Ludwig v. United States,* 162 F.3d 456, 458 (6th Cir.1998); *United States v. Kirksey,* 118 F.3d 1113, 1115 (6th Cir. 1997).

Gladney was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994). Gladney's sentence falls within none of these categories.

We have reviewed the record and conclude that no other colorable issues exist.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.