UNITED STATES of America, Plaintiff–Appellee,

v.

Rodgrick BENSON, Defendant–Appellant.

No. 02–6317.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2003.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Julie A. Hall, Columbus, OH, for Defendant–Appellant.

Before: GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Rodgrick Benson pleaded guilty to two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). It appears that three similar counts were dismissed in exchange for his plea. On September 30, 2002, he was sentenced to ninety-seven months of imprisonment and three years of supervised release. *See* 21 U.S.C. § 841(b)(1)(C). Benson's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Benson's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Benson did not file a timely response to this motion, and an independent review of the record reveals no issue that would support a direct appeal in this case. *See id.*

By entering a valid and unconditional guilty plea, Benson has waived any non-jurisdictional claims that he might have had with regard to the district court's pre-trial rulings. *See United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir.1997). We note, nonetheless, that Benson expressly withdrew a motion to suppress his confession when he entered his guilty plea.

The rearraignment transcript indicates that Benson's plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. The court determined that Benson was competent to enter a plea. It also established that he understood his rights, the nature of the charges, and the consequences of his plea. Benson indicated that the decision to plead guilty

was voluntary, and he acknowledged a sufficient factual basis for his plea. Moreover, he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that Benson's guilty plea was valid.

Benson did not file any objections to the presentence investigation report or raise any significant legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have had in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

No such error is apparent from the record here. The district court determined that Benson had reviewed the presentence report with his attorney, and the information in the report supported a sentencing range of 97 to 121 months of imprisonment. The ninety-seven month sentence that he received fell at the bottom of that range, and it also fell below the twenty-year statutory maximum that was authorized by 21 U.S.C. § 841(b)(1)(C). No fines or restitution were imposed, and a three-year term of supervised release was authorized by 18 U.S.C. § 3583(b). Hence, we conclude that any direct challenge to Benson's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.