**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**McMaine Allen O'GEORGIA,**
**Defendant–Appellant.**

**No. 02–1163.**

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2003.

Robert E. Lindsay, Alan Hechtkopf, John Hinton, III, U.S. Department of Justice, Appellate Section Tax Division, Washington, DC, for Plaintiff–Appellee.

McMaine Allen O'Georgia, pro se, Detroit, MI, for Defendant–Appellant.

Before: NORRIS, BATCHELDER, and COLE, Circuit Judges.

*ORDER*

McMaine Allen O'Georgia, also known as Mark E. Arhebamen, pleaded guilty to aiding and assisting in the preparation of a false income tax return, a violation of 26 U.S.C. § 7206(2). On January 28, 2002, O'Georgia was sentenced to twenty-one months of imprisonment and one year of supervised release. His appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

O'Georgia's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In response, O'Georgia primarily argues that he was denied the effective assistance of counsel in the district court. He also moves for the appointment of new counsel on appeal.

■ O'Georgia had moved for new counsel on the day that his case was scheduled for trial. The district court did not abuse its discretion by denying this motion because it was not made within a reasonable time, because the court made an adequate inquiry into the grounds for the motion, and because O'Georgia did not show that his attorney was not adequately prepared for trial. *See United States v. Williams,* 176 F.3d 301, 314 (6th Cir.1999).

■ O'Georgia argues that he was selectively prosecuted and denied a speedy trial. However, he waived these claims by entering a valid and unconditional guilty plea. *See United States v. Kirksey,* 118 F.3d 1113, 1115 (6th Cir.1997). He also argues that his prosecution was barred by the applicable statute of limitations, as his offense conduct was completed in 1995. This argument fails because a six-year limitations period applied to his offense. *See* 26 U.S.C. § 6531(3).

■ The rearraignment transcript shows that O'Georgia was competent to enter his plea. The court also established that he understood his rights, the nature of the charge, and the consequences of pleading guilty. O'Georgia acknowledged a sufficient factual basis for his plea and indicated that the decision to plead guilty was voluntary. Under these circumstances, we conclude that his plea was constitutionally valid and that the court substantially complied with Fed.R.Crim.P. 11.

■ O'Georgia subsequently moved to withdraw his plea, primarily alleging that his attorney had pressured him into pleading guilty. The district court may allow a plea to be withdrawn for any fair and just reason if a motion to withdraw is made before sentence is imposed. In the present case, O'Georgia had indicated that his plea was voluntary and he had waited more than two months before moving to withdraw his plea. He had also gained a significant advantage by pleading guilty, as his plea resulted in the dismissal of several charges and a reduction in his offense level. He was familiar with the criminal justice system, and there is no indication that the government would not have been prejudiced by the withdrawal of his plea. Hence, we hold that the district court acted within its discretion by refusing to allow O'Georgia to withdraw his guilty plea. *See United States v. Pluta,* 144 F.3d 968, 973–74 (6th Cir.1998).

■ The presentence report indicated that O'Georgia had a base offense level of 15 because his related conduct involved a loss of more than $120,000. *See* USSG § 2T4.1(J) (2000). Counsel now questions the amount of loss, but O'Georgia did not raise that argument at sentencing. Thus, he has forfeited this claim in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). The district court did not commit plain error here because an IRS investigation indicated that he had filed at least 171 false income tax returns in an attempt to defraud the government of at least $190,000.

■ Counsel also suggests that O'Georgia may wish to argue that his offense level should not have been enhanced for committing tax fraud while he was en-

gaged in the business of preparing or assisting in the preparation of tax returns. We review this claim for plain error because O'Georgia did not raise any argument regarding the enhancement at sentencing. *See Barajas–Nunez*, 91 F.3d at 830. The court did not commit plain error in this regard because the record clearly indicates that O'Georgia was in the business of preparing tax returns. *See* USSG § 2T1.4(b)(1) (2000).

No other potential error is apparent from the present record. The district court did not apply an obstruction of justice enhancement even though it was included in the presentence report and it reduced O'Georgia's offense level for acceptance of responsibility. Thus, the court determined that he was subject to a guideline range of only 21 to 27 months of imprisonment. The sentence that O'Georgia received fell at the bottom of that range and well below the statutory maximum that applies under 26 U.S.C. § 7206(2).

O'Georgia now primarily argues that he was denied the effective assistance of counsel in the district court. However, the present record does not indicate that counsel's performance was deficient in a constitutional sense. Hence, any ineffective assistance claim that O'Georgia might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison*, 59 F.3d 43, 47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted, O'Georgia's motion for new counsel is denied, and the district court's judgment is affirmed.