**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio GUILLORY, Defendant– Appellant.**

**No. 02–2525.**

United States Court of Appeals, Sixth Circuit.

June 11, 2004.

Kenneth R. Chadwell, Jr., U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Antonio Guillory, N. Las Vegas, NV, pro se. Tina Schneider, Portland, ME, for Defendant–Appellant.

Before KEITH, CLAY, and GIBBONS, Circuit Judges.

## ORDER

Antonio Guillory appeals his judgment of conviction and sentence of imprisonment entered upon his plea of guilty to conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 846. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Guillory and his brother were apprehended while driving a semi-tractor trailer loaded with approximately ninety-eight kilograms of marijuana. Before trial, Guillory moved to suppress the evidence found in the trailer. The district court denied that motion. Thereafter, Guillory pleaded guilty in accordance with a negotiated plea agreement. In the parties' plea agreement, Guillory waived his right to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines, the accuracy of any factor stipulated in the sentencing guidelines worksheets, or any term of the parties' plea agreement. The district court sentenced Guillory to thirty months of imprisonment and three years of supervised release.

On appeal, Guillory's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in support of his motion. Believing that no issue can be sustained, counsel submits the following issue for review: whether Guillory knowingly, voluntarily, and intelligently pleaded guilty in light of the district court's failure to inform Guillory that his guilty plea was unconditional and that his plea agreement waived his right to appeal. In response to defense counsel's motion to withdraw, Guillory has filed a pro se brief in which he asserts three issues concerning the propriety of the traffic stop, the search of his tractor trailer, and the district court's judgment denying his motion to suppress.

Upon review, we grant the motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained.

■ Guillory entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755, 90 S.Ct. 1463. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reveals that Guillory entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Guillory knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). At the plea hearing, the district court very carefully ascertained that Guillory under-

stood the rights he was waiving, that Guillory consented to the terms of the parties' plea agreement, that Guillory was pleased with defense counsel's efforts on his behalf, and that Guillory understood the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the count of the indictment to which Guillory was pleading guilty, and Guillory acknowledged his guilt by admitting under oath that he knew he was hauling marijuana. Thus, the district court substantially met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that Guillory knowingly and voluntarily pleaded guilty.

■ The district court's failure to inform Guillory of the unconditional nature of his guilty plea does not adversely affect the validity of that plea. Under Fed.R.Crim.P. 11(a)(2), a defendant may, with the approval of the court and consent from the government, enter a conditional plea of guilty "reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion." This rule places an "affirmative duty" on the defendant to preserve any issues collateral to the determination of guilt or innocence by specifying them in the plea itself. *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir.1991). To preserve his right to appeal the pre-plea suppression motion, defendant must have expressly and affirmatively reserved that right. *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir.1997). In this case, the defendant reserved no such right.

■ Guillory's pro se allegations of error are not cognizable on appeal. He asserts three issues concerning the propriety of the traffic stop, the search of his tractor trailer, and the district court's judgment denying his motion to suppress. A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *Id.*

■ The district court properly sentenced Guillory in accordance with the plea agreement, and the district court did not err in finding that Guillory understood the terms of the plea agreement when he voluntarily executed it. Therefore, because Guillory knowingly, voluntarily, and intelligently waived his right to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines, the accuracy of any factor stipulated in the sentencing guidelines worksheets, or any term of the parties' plea agreement, the propriety of Guillory's sentence is not cognizable on appeal. *See United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995). Even if Guillory had not waived his right to appeal by virtue of his plea agreement, he did not object to the presentence investigation report that called for a sentencing range consistent with Guillory's plea agreement. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Review of the sentencing calculation reveals no plain error.

We have further examined the record in this case, including the transcripts of Guillory's plea hearing and sentencing hearing, and found no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C).