**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Devaron Ednardo HOLLAND,**
**Defendant–Appellant.**

No. 02–2166.

United States Court of Appeals,
Sixth Circuit.

June 11, 2004.

William J. Sauget, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Devaron Ednardo Holland, Bradford, PA, pro se.

Herbert A. Sanders, Sanders & Johnson, Southfield, MI, for Defendant–Appellant.

Before: SILER, MOORE, and BALDOCK,* Circuit Judges.

---

* The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

### ORDER

Devaron Ednardo Holland, a federal prisoner, appeals his conviction and sentence. Defense counsel and the government have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury indicted Holland on one count of conspiring to distribute more than 50 grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement, Holland pleaded guilty in 2002 to the conspiracy charge in exchange for the dismissal of the other count and did not reserve any issues for appeal. He was sentenced to 157 months in prison and 5 years of supervised release.

In his timely appeal, defense counsel challenges the validity of the plea. He argues that Holland's plea was not intelligently made because the court failed to inform Holland that he had to have conspired with someone other than a government informant such as his co-defendant. For this reason, counsel also contends that there was insufficient evidence to prove that a conspiracy existed.

Holland has filed a pro se supplemental brief, asserting that he should not have been sentenced for crack cocaine and that his plea was not knowingly made because the district court purportedly coerced him into mistakenly admitting that the cocaine base was crack cocaine.

The arguments raised by counsel and the defendant lack merit because Holland's plea was valid.

Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedure to

be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

Where the charge is a simple conspiracy to distribute drugs, a factual basis may be established at a plea hearing through the reading of the charge and an admission by the defendant. *United States v. Edgecomb,* 910 F.2d 1309, 1313 (6th Cir.1990). To prove a drug conspiracy, the government must show an agreement to violate federal drug laws, an awareness of and an intent to join the conspiracy, and participation in the conspiracy. *United States v. Gibbs,* 182 F.3d 408, 420 (6th Cir.1999). The offense does not need to be completed. *Id.* However, the evidence must not show that the defendant conspired solely with a government agent or informant. *United States v. Bickerstaff,* No. 97–3449, 1998 WL 552834, at *4 (6th Cir. Aug.13, 1998) (unpublished); *Montgomery v. United States,* 853 F.2d 83, 85 (2d Cir.1988).

Holland did not raise any objections at his plea hearing. Thus, his claims will be reviewed for plain error. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). To establish plain error, the defendant must demonstrate that: 1) an error occurred; 2) the error was obvious or clear; 3) the error affected the defendant's substantial rights; and 4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir. 1998). "[A] reviewing court may consult the whole record when considering the effect of any error on substantial rights."

*Vonn,* 535 U.S. at 59. An error which does not affect the defendant's substantial rights is harmless and must be disregarded. *See* Fed.R.Crim.P. 11(h); *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992).

■ No error occurred. First, an adequate factual basis was presented. The district court did not simply read the indictment, but conducted a proper plea colloquy. In responding to the court's questions, Holland stated that he had sold his co-defendant, Hewitt Crittenden, 46 grams of cocaine base and 47.5 grams of cocaine base on separate occasions pursuant to an agreement. His admissions comported with the stipulated factual basis set forth in the plea agreement. The evidence elsewhere in the record demonstrates that Crittenden was not a government informant or agent at the time of the aforementioned transactions, although he unwittingly had resold the cocaine base to an undercover agent. It was not until after Holland and Crittenden's second transaction that police arrested Crittenden and convinced him to cooperate. Furthermore, the amounts Holland sold to Crittenden were inconsistent with mere personal use in a buyer-seller relationship and support the factual basis for a conspiracy to distribute drugs. *See United States v. Salgado,* 250 F.3d 438, 447 (6th Cir.2001).

■ Review of the transcript of the guilty plea hearing belies Holland's claim of coercion. *See United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.1993) ("[A] defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge"). At the plea hearing, Holland stated that he was pleading guilty freely and voluntarily and that no one had forced him to plead guilty. The following excerpt shows that the court did not pressure Holland into admitting that the drug was crack cocaine:

THE COURT: And the substance that you had was known as what?

THE DEFENDANT: Cocaine base, crack cocaine.

THE COURT: Crack cocaine. You knew that to be the case?

THE DEFENDANT: Yes, I did.

Nothing in the transcript suggests that Holland was reluctant to admit the drug was crack cocaine or did so only upon prompting by the court. Holland's valid, unconditional guilty plea bars him from now challenging whether the drug was in fact crack cocaine. *See United States v. Brown,* 21 Fed.Appx. 336, 338 (6th Cir. 2001); *United States v. Bahhur,* 200 F.3d 917, 923 (6th Cir.2000).

Accordingly, the district court's judgment is affirmed.