UNITED STATES of America,
Plaintiff–Appellee,

v.

Robin Evette SHOULDERS,
Defendant–Appellant.

No. 03–5118.

United States Court of Appeals,
Sixth Circuit.

June 17, 2004.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

### ORDER

Robin Evette Shoulders pled guilty to possessing cocaine base and cocaine for intended distribution. *See* 21 U.S.C. § 841(a)(1). On December 16, 2002, she was sentenced to 240 months of imprisonment and ten years of supervised release. Her appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case.

Shoulders is now represented by a new attorney, who has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Shoulders did not file a timely response to counsel's motion. However, she has filed a *pro se* brief and a motion for the appointment of a different attorney.

 Shoulders challenges the district court's denial of her suppression motion, arguing that the search of her residence was unconstitutional. This argument is

unavailing because Shoulders forfeited any non-jurisdictional claims that she might have had regarding her conviction by entering a valid and unconditional guilty plea. *See United States v. Kirksey,* 118 F.3d 1113, 1115 (6th Cir.1997).

The district court established that Shoulders understood her rights, the nature of the charges, and the consequences of pleading guilty. Shoulders indicated that her guilty plea was voluntary, and she acknowledged a sufficient factual basis for her plea. She was represented by counsel and she has not made any attempt to withdraw her plea. Under these circumstances, we conclude that there are no viable grounds for challenging the validity of her conviction on direct appeal.

The presentence report indicated that Shoulders was subject to a maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(B), as she had at least one prior drug conviction. She did not object to the report or maintain any significant legal arguments at sentencing. Thus, she has forfeited any sentencing claims that she might have had in the absence of plain error that affects her substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir. 1996).

Moreover, Shoulders signed a plea bargain, in which she waived her right to appeal any sentence that fell within the statutory maximum. The district court confirmed her understanding of this agreement, and there is no indication that the government failed to keep its part of the bargain. The 240–month sentence that Shoulders received fell within the statutory maximum of life imprisonment. Therefore, she has waived her right to appeal the validity of her sentence. *See United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995).

Shoulders also argues that her former attorneys did not adequately advise her that the government was seeking a sentencing enhancement under 21 U.S.C. § 851 and that they did not effectively argue against such an enhancement. In light of the undeveloped record, however, any claim of ineffective assistance of counsel that she might have would properly be raised in a motion to vacate her sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See id.* at 47.

Accordingly, counsel's motion to withdraw is granted, Shoulders's motion for new counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.