**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Antonio ORTIZ–ROHENA,
Defendant–Appellant.**

No. 03–1493.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2003.

B. Rene Shekmer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

David L. Kaczor, Grand Rapids, MI, Jose Antonio Ortiz–Rohena, pro se, Bradford, PA, for Defendant–Appellant.

Before: GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

## ORDER

Jose Antonio Ortiz–Rohena appeals his judgment of conviction and sentence entered upon his guilty plea to possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sentenced Ortiz–Rohena to seventy-eight months of imprisonment and four years of supervised release.

On appeal, Ortiz–Rohena's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ortiz–Rohena has not responded to his counsel's motion to withdraw.

We hereby grant the motion to withdraw as counsel as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Although believing the appeal to be without merit, counsel submits the following issues for review: 1) whether Ortiz–Rohena entered a valid guilty plea; 2) whether Ortiz–Rohena's sentence was lawfully imposed; 3) whether the district court erred in declining to grant Ortiz–Rohena a downward departure based on the defendant's substantial assistance to the government; and 4) whether counsel rendered ineffective assistance.

■ Upon review, we conclude that Ortiz–Rohena entered into a valid plea agreement. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Ortiz–Rohena entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Ortiz–Rohena knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court very carefully reviewed with Ortiz–Rohena the provisions of the plea agreement, the rights he was waiving, and the maximum

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

penalties he faced under the applicable statute, including length of imprisonment and supervised release. The district court read the charge in the indictment and explained the consequences of Ortiz–Rohena's plea in terms of the possible length of sentence, including the fact that Ortiz–Rohena would not be eligible for probation or parole. Ortiz–Rohena told the district court that he understood the charge and the consequences of his plea. The district court specifically addressed Ortiz–Rohena's right to trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence and the right not to testify, and the right to a unanimous verdict. Ortiz–Rohena stated that he understood the rights he was waiving and acknowledged his guilt. Thus, the court met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that Ortiz–Rohena knowingly, intelligently, and voluntarily pleaded guilty.

The district court properly sentenced Ortiz–Rohena in accordance with the parties' plea agreement, and Ortiz–Rohena did not object to the presentence report that called for a sentencing range of 78–97 months of imprisonment. The presentence report was consistent with Ortiz–Rohena's petition to enter a guilty plea in this regard. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Review of the sentencing calculation reveals no plain error.

■ The district court did not err in declining to grant Ortiz–Rohena a downward departure based on the defendant's substantial assistance to the government. A district court generally lacks authority to grant a downward departure pursuant to USSG § 5K1.1 absent a motion by the government. *United States v. Hawkins,* 274 F.3d 420, 426 (6th Cir.2001). Section 5K1.1 grants the government the discretion to file such a motion, but it does not impose a duty to move for departure when the defendant has rendered substantial assistance. *Id.* The record reveals that the government retained discretion to move the court for a § 5K1.1 downward departure, but chose not to move the district court for the departure. If, as is the case herein, the government retains discretion, its choice not to file the motion may be reviewed only for unconstitutional motives. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000). Ortiz–Rohena has nowhere alleged that unconstitutional considerations motivated the government's choice not to file the "substantial assistance" motion.

■ Lastly, to the extent that Ortiz–Rohena might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review. *United States v. Shabazz,* 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser,* 241 F.3d 460, 474 (6th Cir.2001). The customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case. We have further examined the record in this case, including the transcripts of Ortiz–Rohena's guilty plea and sentencing hearings, and found

no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.