**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clarence CLARK, Defendant–Appellant.**

No. 02–6244.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2004.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Clarence Clark, Manchester, KY, pro se.

Before SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

*ORDER*

Clarence Clark, a federal prisoner, appeals his conviction and sentence. This case has been referred to panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Clark pleaded guilty to possession with intent to distribute cocaine base and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The presentence investigation report (PSR) calculated Clark's offense level as 29, his criminal history category as IV, and the resulting guideline range of imprisonment as 121 to 151 months. Clark objected to the calculation of the drug quantity, but withdrew the objection at sentencing. Accordingly, the district court adopted the PSR and sentenced Clark at the low end of the range to 121 months in prison and 6 years of supervised release.

Clark's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. Clark has not filed a response, despite being advised of his right to do so.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief and as review of the record reveals no errors by the district court.

First, Clark entered a valid plea. Rule 11 of the Federal Rules of Criminal Procedure sets forth the proper procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). This court reviews compliance with Rule 11 under a harmless error standard. *Id.*

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. The court first confirmed that Clark had discussed the matter with counsel and was satisfied with counsel. The court then informed Clark about his constitutional rights and ensured that Clark understood the plea agreement. The relevant portions of the indictment were read by the clerk, the court explained the elements of the offenses, and Clark entered his guilty pleas. Thereafter, the government stated the maximum possible penalties and provided a factual basis for the offenses. After Clark admitted that the facts were correct, the court concluded by finding that Clark was competent and that the pleas were voluntary. There was no error in this regard. The validity of the guilty pleas means that Clark has waived any antecedent non-jurisdictional defects in his convictions. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Second, Clark was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994).

Clark's sentence was not imposed in violation of law and was not otherwise erroneous. The transcript of the sentencing hearing reflects that Clark and his counsel were present and were given the opportunity to comment on the PSR. After a recess for further discussion between counsel and Clark, the sole objection was withdrawn and Clark exercised his right to allocute. Additionally, Clark's sentence was not in conflict with the plea agreement. No sentence or base offense level had been agreed upon, and Clark received a contemplated reduction in his offense level for acceptance of responsibility. The government also fulfilled its promise to move for the dismissal of two counts in the indictment. Finally, Clark's sentence is within the guideline range.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.