**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Robert TODD, Defendant–Appellant.**

**No. 03–6021.**

United States Court of Appeals,
Sixth Circuit.

March 18, 2004.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

## ORDER

Charles Robert Todd appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Todd pleaded guilty to possessing with intent to distribute MDMA (ecstasy) in violation of 21 U.S.C. § 846. The district court sentenced Todd to thirty months of imprisonment.

On appeal, Todd's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Todd has not responded to counsel's motion to withdraw.

We hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained.

Our review of the record reveals that Todd entered into a valid plea agreement. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Todd entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Todd knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court very carefully reviewed with Todd the provisions of the plea agreement and the rights he was waiving. The district court read the charges and explained the consequences of Todd's plea in terms of the possible length of sentence. Todd told the district court that he understood the charges and the consequences of his plea. The district court went to significant length and specifically addressed and explained Todd's right to trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence, the government's burden of proof, and the right not to testify. Todd stated that he understood the rights he was waiving and acknowledged his guilt. Thus, the district court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Todd knowingly, intelligently, and voluntarily pleaded guilty.

Our review of the record also reveals that Todd expressly waived his right to appeal the length of his sentence. *See* *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In his plea agreement with the government, Todd waived the right to appeal any sentence within the maximum provided in the offense level as determined by the court. At Todd's guilty plea hearing, the district court specifically addressed Todd's waiver. Todd's sentence is within the guideline range applicable to the quantity of drugs he maintains should be used to determine the offense level. Thus, the district court did not make an upward departure from the guidelines and the sentence is not subject to appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.