**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Debra R. BROWN, Defendant–
Appellant.**

No. 02–6501.

United States Court of Appeals,
Sixth Circuit.

April 29, 2004.

Sunny A. Koshy, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Debra R. Brown, Tallahassee, FL, Kathleen G. Morris, Nashville, TN, for Defendant–Appellant.

Before: SUHRHEINRICH and GIBBONS, Circuit Judges; and LAWSON, District Judge.*

## ORDER

Debra R. Brown appeals her judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brown pleaded guilty to one count of distributing fifty grams or more of crack cocaine to a person under twenty-one years of age in violation of 21 U.S.C. § 859. The district court sentenced Brown to 240 months of imprisonment and ten years of supervised release.

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

On appeal, Brown's counsel moves to withdraw and files a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Brown has responded to her counsel's motion to withdraw by filing a motion in which she asks this court to "refute" counsel's *Anders* brief and appoint new counsel to represent her.

Upon review, we hereby grant the motion to withdraw as counsel because it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits the following issues for review: 1) whether Brown received ineffective assistance of counsel; and 2) whether Brown's guilty plea was coerced by prosecutorial misconduct.

Before proceeding to the issues, we note that we have reviewed the record and concluded that Brown entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

■ The record in this case clearly reflects that Brown entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Brown knowingly and voluntarily entered her guilty plea. Rule 11 ensures that a defendant pleading guilty understands her applicable constitutional rights, that her plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of her guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court reviewed with Brown the provisions of the plea agreement and the rights she was waiving. The district court read the charge in the indictment and explained the consequences of Brown's plea in terms of the possible length of sentence and supervised release. Brown told the district court that she understood the charge and the consequences of her plea. The district court specifically addressed Brown's right to trial by jury, the right to confront and cross examine witnesses, the presumption of innocence, and the government's burden of proof.

The record reflects that the district court detected some hesitancy on Brown's part during the colloquy and ordered a short recess to allow Brown time to think about her guilty plea. Thereafter, the district court again went to significant length to explain to Brown the possible sentences she faced. Brown stated that she understood and wanted to plead guilty. The district court then examined the parties' plea agreement, Brown expressed her understanding of the terms of the agreement, and Brown admitted the essential elements of the offense. Thus, the district court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Brown knowingly, intelligently, and voluntarily pleaded guilty.

■ Brown's contention that her guilty plea was improperly coerced by prosecutorial misconduct is meritless. Brown contends that the government's suggestion that it might obtain a superseding indict-

ment coerced her into pleading guilty. Brown, however, acknowledged under oath that her guilty plea was not the result of any threats, coercion or inducements made by the government or any law enforcement agencies. The record reflects that the plea was voluntarily, knowingly and intelligently made. Thus, she is now bound by her responses given under oath to the court's inquiries regarding the knowledge and voluntariness of her plea. *Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986).

■ The district court properly sentenced Brown. The probation office prepared a presentence investigation report (PSR) that provided a total offense level of thirty-five and a criminal history category of III. The resulting guideline range was 210 to 262 months of imprisonment, with a statutory minimum of twenty years. Neither party objected to the PSR. Thus, Brown has forfeited any sentencing claims that she might have in the absence of plain error that affects her substantial rights. *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). The district court sentenced Brown to the statutory minimum sentence. There exists no plain error.

■ To the extent that Brown might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz,* 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser,* 241 F.3d 460, 474 (6th Cir. 2001). The customary procedure is to permit the defendant to raise her ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C.

§ 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *Massaro v. United States,* 538 U.S. 500, 504–06, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case.

We have further examined the record in this case, including the transcripts of Brown's guilty plea and sentencing hearings, and found no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. We deny Brown's motion for the appointment of counsel.