**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mason C. FRENCH, Defendant–Appellant.**

No. 03–4521.

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2004.

Thomas E. Getz, Asst. U.S. Attorney, Cleveland, OH, for Plaintiff–Appellee.

Lawrence J. Whitney, Sr., Burdon & Merlitti, Akron, OH, for Defendant–Appellant.

Before MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Mason C. French appeals the judgment of conviction and sentence entered upon his plea of guilty to escaping from home confinement in violation of 18 U.S.C. § 751(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

French was originally indicted for conspiracy to commit fraud in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343. While under indictment and awaiting trial on those charges, French was out on bail under home confinement with electronic monitoring by order of the district court. While out on bail, he escaped from home confinement.

French pleaded guilty to the escape charge and moved the district court to consolidate the sentencing hearing on the escape conviction with the sentencing hearing on the underlying criminal counts of which he was found guilty. The district court sentenced French to twelve months and one day of incarceration to run concurrent to the sentence of imprisonment imposed in the underlying criminal case. French appealed the escape conviction and sentence (No. 03–4521) and the underlying criminal convictions and sentence (No. 03–4558).

On appeal in Case Number 03–4521—the escape conviction—French's attorney moves to withdraw. Counsel has filed a "no merit" brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). French has not responded to counsel's motion to withdraw despite being informed of the opportunity to do so. The appeal of the underlying criminal convictions in Case Number 03–4558 is pending and is unaffected by the immediate motion to withdraw.

■ We hereby grant counsel's motion to withdraw as it reflects that appellate counsel has independently reviewed the entire record and proceedings and concluded that no grounds for appeal can be sus-

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

tained. Believing the appeal to be without merit, counsel submits no issues for review.

■ An independent review of the record reveals that French pleaded guilty knowingly, intelligently, and voluntarily. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that French entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that French knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court very carefully reviewed with French the rights he was waiving, and the maximum penalties he faced under the applicable statute. The district court read the charges and explained the consequences of French's plea in terms of the possible length of sentence. French told the district court that he understood the charge and the consequences of his plea. French stated that he understood the rights he was waiving and acknowledged his guilt by admitting under oath the facts establishing the essential elements of the offenses. Thus, the court met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that French knowingly, intelligently, and voluntarily pleaded guilty.

■ The district court properly sentenced French. French moved for a sentence reduction based on his acceptance of responsibility. The district court denied that motion and computed French's sentence at offense level nine, and criminal history category at three which provided a sentencing range of eight to fourteen months. French did not offer an objection. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir. 1996). Our review of the sentence reveals no plain error.

We have further examined the record in this case, including the transcript of French's guilty plea and sentencing hearing, and found no reversible error apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.